IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ALYCE DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | 11-cv-422 |
| | ) | |
| v. | ) | |
| | ) | |
| DIVERSIFIED COLLECTION SERVICES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ALYCE DIXON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, DIVERSIFIED COLLECTION SERVICES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ALYCE DIXON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Madison, County of Dane, State of Wisconsin.

5. Upon information and belief, the debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Great Lakes Higher Education.

1

6. The debt that Plaintiff allegedly owed Great Lakes Higher Education was for a loan, the funds of which were allegedly used by Plaintiff for education expenses at Herzing University (hereinafter "Herzing.")

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. DIVERSIFIED COLLECTION SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin. Defendant is incorporated in the State of California.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.    ALLEGATIONS

14. Prior to March 8, 2011, Plaintiff became aware that her federal tax refund was being withheld to pay for a student loan she allegedly obtained from Great Lakes Higher Education.

15. Prior to March 8, 2011, Plaintiff had contacted Great Lakes Higher Education to inquire about the status of the loan she allegedly owed to Great Lakes Higher Education.

16. Plaintiff was informed that a loan had been taken out in her name with Great Lakes Higher Education and that the funds of said loan were used for education expenses at Herzing University.

17. Plaintiff never obtained a loan from Great Lakes Higher Education.

18. Plaintiff never consented to having a third-party obtain a loan from Great Lakes Higher Education in her name.

19. Plaintiff has never attended school at Herzing.

20. Upon information and belief, Plaintiff's identity was used by an unknown third-party to obtain the aforesaid loan on behalf of Plaintiff.

21. On or prior to March 8, 2011, Plaintiff specifically informed Great Lakes Higher Education of the aforesaid information and that she disputed owing the debt relative to the aforesaid loan.

22. Great Lakes Higher Education informed Plaintiff that any disputes she had relative to the debt had to be directed to Defendant.

23. On or about March 8, 2011, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with a duly authorized representative of Defendant.

24. The aforesaid telephone conversation between Plaintiff and Defendant was Defendant's initial communication with Plaintiff.

25. During the course of the aforesaid telephone call, Plaintiff informed Defendant that she disputed owing the aforesaid debt.

26. Plaintiff informed Defendant that she never obtained a loan from Great Lakes Higher Education.

27. Plaintiff informed Defendant that she never consented to having a third-party obtain a loan from Great Lakes Higher Education in her name.

28. Plaintiff informed Defendant that she never attended school at Herzing.

29. Plaintiff further informed Defendant that she had never received any documentation from Defendant relative to the aforesaid debt.

30. During the course of the aforesaid telephone call between Plaintiff and Defendant, Plaintiff requested that Defendant send her documentation relative to the debt she allegedly owed.

31. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

32. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

   b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

33. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

34. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALYCE DIXON, by and through her attorneys, respectfully prays for judgment as follows:

      a.    All actual compensatory damages suffered;

      b.    Statutory damages of $1,000.00;

      c.    Plaintiff's attorneys' fees and costs;

      d.    Any other relief deemed appropriate by this Honorable Court.

                                Respectfully submitted,
                                **ALYCE DIXON**

                          By:    s/ David M. Marco
                                Attorney for Plaintiff

Dated: June 13, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us